UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re: Case No. 18-23930-BKC-PDR

EMMA BUMSHTEYN, Chapter 7

Debtor.
_____________________________________/

KENNETH A. WELT, Chapter 7 Trustee, Adv. Case No.

Plaintiff,
vs.

EMMA BUMSHTEYN and YEVGENIYA BUMSHTEYN, both Individually and as Trustee of the Bumshteyn Family Irrevocable Inter Vivos Trust,

Defendants.
______________________________________/

**COMPLAINT (1) OBJECTING TO DEBTOR'S DISCHARGE; (2) AVOIDING CERTAIN FRAUDULENT TRANSFERS; AND (3) FOR THE RECOVERY OF SUCH ASSETS TRANSFERRED OR THE VALUE THEREOF**

Kenneth A. Welt, the duly appointed Chapter 7 Trustee of the above-captioned bankruptcy case (the "Trustee"), by undersigned counsel, brings this Complaint: (1) Objecting to Debtor's Discharge; (2) Avoiding Certain Fraudulent Transfers; and (3) for the Recovery of Such Assets or the Value Thereof, against Emma Bumshteyn (the "Debtor") and Yevgeniya Bumshteyn, both individually and as Trustee of the Bumshteyn Family Irrevocable Inter Vivos Trust, and in support thereof, alleges as follows:

**Jurisdiction, Venue and Parties**

1. This case was commenced by the filing of a voluntary Chapter 7 petition on November 8, 2018 (the "Petition Date").

2. This is an action objecting to the Debtor's discharge, pursuant to 11 U.S.C. §§ 727(a)(2), 727(a)(3), 727(a)(4)(D), 727(a)(5) and 727(a)(6)(A).

3. This is also an action to avoid certain fraudulent transfers and recover the asset(s) transferred and/or the value thereof, pursuant to 11 U.S.C. §§ 544 and 550 and Fla. Stat. §§ 727.105 and 727.106.

4. This is a core proceeding and this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334 and Fed. R. Bankr. P. 7001.

5. Venue is proper herein pursuant to 28 U.S.C. §§ 1408 and 1409.

6. Kenneth A. Welt is the duly appointed and acting Chapter 7 trustee for the bankruptcy estate.

7. Emma Bumshteyn is the above-referenced Debtor of this bankruptcy proceeding.

8. Yevgeniya Bumshteyn is the Debtor's granddaughter.

**The Obligation Owed to Melrose Credit Union**

9. The Debtor is the owner of N.Y. Neva Taxi Corp. ("NY Neva"), a New York corporation, which provides (or provided) taxi services.

10. On or around October 9, 2012, NY Neva and the Debtor entered into a Balloon Note (the "Note"), in favor of Melrose Credit Union ("Melrose"), for the amount of $1,330,000.00. The Note matured on October 9, 2015.

11. On or around October 9, 2012, NY Neva and the Debtor entered into a Security Agreement, securing the indebtedness created by the Note. The collateral included certain taxi medallions (MED # 8L84-8L85) (the "Taxi Medallions") and 200 shares of stock in NY Neva.

12. On or around October 23, 2015, after the maturity date of the Note, NY Neva and the Debtor entered into an Extension and Modification Agreement (the "Modification Agreement") with Melrose, relating to the Note and the Security Agreement.

13. In the Modification Agreement, NY Neva and the Debtor acknowledged that Melrose was owed the amount of $1,225,663.75 as of October 23, 2015.

14. Pursuant to the Modification Agreement, the new monthly payment was $6,471.63 and the new maturity date became October 23, 2018.

15. After entering into the Modification Agreement, the Debtor began to systematically dispose of and transfer all of her assets, as further described below.

16. On December 6, 2018, Melrose filed Claim # 1-1, in the amount of $1,210,218.59 (the "Melrose Claim"). According to the Melrose Claim, the value of the Taxi Medallions (Melrose's collateral) was $350,000.00.

**The Transfer of the Parkview Drive Property**

17. As of June 17, 2016, the Debtor resided at 1849 S Ocean Dr # 1507, Hallandale Beach, FL 33009 (the "Ocean Drive Property"). As of that date, the Ocean Drive Property was owned by the Debtor in a life estate, with the remainder interest held by Yevgeniya Bumshteyn.

18. On or around June 17, 2016, the Debtor transferred her non-exempt real property located at 800 Parkview Dr # 316, Hallandale Beach, FL 33009 (the "Parkview Drive Property"), which she solely owned, to Mario Brisson and Marc Andre Deodati Brisson, for the purchase price of $168,000.00. Attached hereto as Exhibit "A" is the Warranty Deed, evidencing the transfer.

19. The Parkview Drive Property was not encumbered with any mortgage(s) at the time of the transfer.

20. Pursuant to the Settlement Statement relating to the transfer of the Parkview Drive Property (attached hereto as Exhibit "B"), the Debtor received net proceeds in the amount of $151,759.83 (the "Parkview Sale Proceeds").

21. The Parkview Sale Proceeds was then deposited into a joint bank account at TD Bank, N.A., jointly owned by the Debtor and Yevgeniya Bumshteyn (Acct. No. 7352) (the "Joint TD Bank Account").

22. As such, half of the Parkview Sale Proceeds were transferred to Yevgeniya Bumshteyn, for no consideration.

23. Therefore, Yevgeniya Bumshteyn is indebted to the Trustee in the amount of $75,879.92 as a result of this transaction.

**<u>The Transfer of the Ocean Drive Property</u>**

24. Shortly thereafter, on or around July 21, 2016, the Debtor and Yevgeniya Bumshteyn transferred their interest(s) in the Ocean Drive Property to the Bumshteyn Family Irrevocable Inter Vivos Trust (the "Trust") and Yevgeniya Bumshteyn, as joint tenants in common with rights of survivorship, for no consideration. Attached hereto as Exhibit "C" is the Quitclaim Deed, evidencing the transfer.

25. The Ocean Drive Property was not encumbered with any mortgage(s) at the time of the transfer.

26. According to the Broward County Property Appraiser's website, the 2021 market value of the Ocean Drive Property was $244,920.00.

27. Therefore, the transfer should be avoided and the Trustee is entitled to recover the Ocean Drive Property, or the value thereof.

**<u>The Transfer of the Fresh Meadows Property</u>**

28. Immediately prior to July 27, 2016, the Debtor owned the non-exempt real property located at 75-76 180 St, Fresh Meadows, NY 11366 (the "Fresh Meadows Property") jointly with Yevgeniya Bumshteyn.

29. On or around July 27, 2016, the Debtor and Yevgeniya Bumshteyn transferred their interest(s) in the Fresh Meadows Property to Luxury Development LLC, for the purchase price of $770,000.00. Attached hereto as Exhibit "D" is the Real Property Transfer Report, evidencing the transfer.

30. The net proceeds of the sale of the Fresh Meadows Property was $723,828.22 (the "Fresh Meadows Sale Proceeds").

31. As ½ owner of the Fresh Meadows Property, the Debtor was entitled to ½ of the Fresh Meadows Sale Proceeds.

32. Despite the fact that the Debtor, as ½ owner of the Fresh Meadows Property, was entitled to ½ of the Fresh Meadows Sales Proceeds, instead, *all* of the Fresh Meadows Sales Proceeds were transferred to Yevgeniya Bumshteyn.

33. Yevgeniya Bumshteyn has provided the Trustee with documentation to support that she contributed $90,247.90 to improve the Fresh Meadows Property.

34. However, such contribution constituted consideration for Yevgeniya Bumshteyn's ½ ownership of the Fresh Meadows Property and does not entitle her to a reduction in her liability to the bankruptcy estate as a result of this transaction.

35. Therefore, Yevgeniya Bumshteyn is indebted to the Trustee in the amount of $361,914.11 as a result of this transaction.

**The Transfer of the Flushing Property**

36. Immediately prior to August 9, 2016, the Debtor owned the non-exempt real property located at 102-35 67 Rd # 3G[1], Flushing, NY 11375 (the "Flushing Property") jointly with Yevgeniya Bumshteyn.

37. On or around August 9, 2016, the Debtor and Yevgeniya Bumshteyn transferred their interest(s) in the Flushing Property to Yevgeniya Bumshteyn, for no consideration. Attached hereto as Exhibit "E" is the Real Property Transfer Report, evidencing the transfer.

38. The Flushing Property was not encumbered with any mortgage(s) at the time of the transfer.

39. Thereafter, on or around May 31, 2017, Yevgeniya Bumshteyn transferred her

[1] The Flushing Property has also been described as 10235 67 Rd # D4, Flushing, NY 11375.

interest in the Flushing Property to Anthony Genovese, for the purchase price of $348,000.00. Attached hereto as Exhibit "F" is the Recording and Endorsement Cover Page, evidencing the transfer.

40. The net proceeds of the sale of the Flushing Property was $320,715.45 (the "Flushing Sale Proceeds").

41. As ½ owner of the Flushing Property, the Debtor was entitled to ½ of the Flushing Sale Proceeds.

42. Despite the fact that the Debtor, as ½ owner of the Flushing Property, was entitled to ½ of the Flushing Sales Proceeds, instead, *all* of the Flushing Sale Proceeds were transferred to Yevgeniya Bumshteyn.

43. Therefore, Yevgeniya Bumshteyn is indebted to the Trustee in the amount of $160,357.73 as a result of this transaction.

**Transfers from the Joint TD Bank Account**

44. As stated above, the Debtor and Yevgeniya Bumshteyn were the owners of a joint bank account at TD Bank, N.A. (Acct. No. 7352) (the "Joint TD Bank Account").

45. However, all or the majority of the funds deposited into the Joint TD Bank Account came from the Debtor.

46. Between October 30, 2015 and November 1, 2016, Yevgeniya Bumshteyn caused the amount of $232,153.62 to be transferred from the Joint TD Bank Account, to Yevgeniya Bumshteyn, for her sole benefit (the "TD Bank Account Transfers").

47. A substantial portion of such funds were used by Yevgeniya Bumshteyn to purchase and/or improve the real property owned by her located at 27 Roberts Rd, New City, NY 10956.

48. Therefore, Yevgeniya Bumshteyn is indebted to the Trustee in the amount of

$232,153.62 as a result of this transaction.

**The Withdrawal of the Life Insurance Proceeds**

49. On or around July 21, 2017, the Debtor deposited $96,146.22 into her Chase Bank, N.A. Checking Account (Acct. No. 7143) (the "Chase Account"), which resulted from the surrender of the Debtor's life insurance policy (the "Life Insurance Proceeds").

50. Thereafter, between July 21, 2017 and November 8, 2017, the Debtor systematically withdrew and disposed of $96,180.00, essentially consisting of the totality of the Life Insurance Proceeds, in cash, as follows:

a. On July 21, 2017 - $3,000.00 in cash at an ATM in Glendale NY;
b. From July 27, 2017 to August 21, 2017 - $17,100.00 from various ATMs in New York;
c. From July 31, 2017 to August 22, 2017 - $28,400.00 in various withdrawals;
d. From August 28, 2017 to September 6, 2017 - $1,480.00 from various ATMs in New York;
e. From August 28, 2917 to September 25, 2017 - $27,200.00 in various withdrawals;
f. From October 13, 2017 to October 23, 2017 - $6,000.00 from various ATMs in New York;
g. From October 27, 2017 to November 9, 2017 - $3,500.00 from various ATMs in New York; and
h. From November 8, 2017 - $9,500.00 in a withdrawal.

51. Despite numerous requests, as set forth below, the Debtor has failed to explain to the Trustee the disposition of the Life Insurance Proceeds.

**The Documents Requested During the Bankruptcy Proceeding**

52. After the above-captioned bankruptcy proceeding was filed, on December 13, 2018, the Trustee concluded the Section 341 Meeting of Creditors [ECF No. 2].

53. On March 22, 2019, the Trustee filed his Notice of Taking Rule 2004 Examination and Request for Production of Documents [ECF No. 20] (the "Request for Production"). In the Request for Production, the Trustee requested that the Debtor produce certain documents and records pertaining to her financial affairs. Pursuant to the Request for

Production, the requested documents were to be provided on April 1, 2019.

54. The Debtor produced some, but not all, of the requested documents.

55. On April 8, 2019, the Trustee's counsel took the Debtor's 2004 Examination (the "Rule 2004 Exam"); however, the Rule 2004 Exam was not concluded.

56. At the Rule 2004 Exam, certain issues arose that required the examination of additional documents and records not originally requested in the Request for Production. As such, at the Rule 2004 Exam, the Trustee, through counsel, requested additional documents and records from the Debtor.

57. Attached hereto as Exhibit "G" are the documents (the "Documents") that remain outstanding, including from the original Request for Production and from the additional request(s) made at the Rule 2004 Exam[2].

58. Due to the Debtor's failure to provide the Trustee with the Documents, on September 16, 2019, the Trustee filed a Motion to Compel Turnover of Certain Documents and Records [ECF No. 34] (the "Motion to Compel").

59. On October 7, 2019, the Court entered an Agreed Order Granting Trustee's Motion to Compel Turnover of Certain Documents and Records [ECF No. 46] (the "Order Granting Motion to Compel").

60. Pursuant to the Order Granting Motion to Compel, the Debtor was required to turn over the Documents to the Trustee by November 6, 2019.

61. To date, many of the Documents remain outstanding and have not been turned over to the Trustee.

62. In particular, the Debtor has failed to provide any accounting of the Life Insurance Proceeds (totaling $96,146.22), all of which were requested by the Trustee, as listed in

[2] For the sake of clarity, the list of Documents attached as Exhibit "G" contain the specific documents that remain outstanding, even though the Trustee's request was more general than those specific Documents that are listed.

the Documents.

63. The Debtor has therefore willfully failed to obey or comply with the Order Granting Motion to Compel.

64. On October 29, 2020, Yevgeniya Bumshteyn signed a Standstill and Tolling Agreement, which provided that any statute of limitations or time-based defenses to this action shall be tolled until the Termination Date, which is the 31st day following a Notice of Termination by either party. To date, Yevgeniya Bumshteyn has not provided the Trustee with any Notice of Termination.

65. Furthermore, pursuant to Court order [ECF No. 87], the deadline for the Trustee to object to the Debtor's discharge is February 26, 2021.

66. As such, this action is timely.

**Count 1 – Objection to Discharge (11 U.S.C. § 727(a)(2)) (Against Emma Bumshteyn)**

67. The Trustee realleges all of the allegations set forth in each of the paragraphs above.

68. By failing to provide the Trustee with the Documents, and/or failing to provide the Trustee with any accounting of the Life Insurance Proceeds (totaling $96,146.22), all of which were requested by the Trustee, the Debtor, with the intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property under the Bankruptcy Code, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed (a) property of the Debtor, within one year before the Petition Date; and/or (b) property of the estate, after Petition Date.

WHEREFORE, the Trustee respectfully requests that the Court deny the Debtor's discharge, pursuant to 11 U.S.C. § 727(a)(2), and for such other relief this Court deems just and equitable.

**Count 2 – Objection to Discharge (11 U.S.C. § 727(a)(3)) (Against Emma Bumshteyn)**

69. The Trustee realleges all of the allegations set forth in each of the paragraphs above.

70. By failing to provide the Trustee with the Documents, the Debtor has concealed, destroyed, mutilated and/or failed to keep or preserve recorded information, from which the Debtor's financial condition or business transactions might be ascertained.

71. The Debtor has failed to provide any justification for such concealment, destruction, mutilation and/or failure to keep or preserve such Documents.

WHEREFORE, the Trustee respectfully requests that the Court deny the Debtor's discharge, pursuant to 11 U.S.C. § 727(a)(3), and for such other relief this Court deems just and equitable.

**Count 3 – Objection to Discharge (11 U.S.C. § 727(a)(4)(D))**
**(Against Emma Bumshteyn)**

72. The Trustee realleges all of the allegations set forth in each of the paragraphs above.

73. The Trustee is entitled to possession of the Documents, which constitute recorded information relating to the Debtor's property or financial affairs.

74. The Debtor has withheld from the Trustee such recorded information relating to the Debtor's property or financial affairs, in violation of 11 U.S.C. § 727(a)(4)(D).

WHEREFORE, the Trustee respectfully requests that the Court deny the Debtor's discharge, pursuant to 11 U.S.C. § 727(a)(4)(D), and for such other relief this Court deems just and equitable.

**Count 4 – Objection to Discharge (11 U.S.C. § 727(a)(5))**
**(Against Emma Bumshteyn)**

75. The Trustee realleges all of the allegations set forth in each of the paragraphs above.

76. The Debtor has failed to explain satisfactorily any loss of assets or deficiency of assets to meet the Debtor's liabilities, as described above.

WHEREFORE, the Trustee respectfully requests that the Court deny the Debtor's discharge, pursuant to 11 U.S.C. § 727(a)(5), and for such other relief this Court deems just and equitable.

**Count 5 – Objection to Discharge (11 U.S.C. § 727(a)(6)(A))**
**(Against Emma Bumshteyn)**

77. The Trustee realleges all of the allegations set forth in each of the paragraphs above.

78. The Debtor has refused to obey a lawful order of this Court (to wit: the Order Granting Motion to Compel).

WHEREFORE, the Trustee respectfully requests that the Court deny the Debtor's discharge, pursuant to 11 U.S.C. § 727(a)(6)(A), and for such other relief this Court deems just and equitable.

**Count 6 – Avoidance and Recovery of Fraudulent Transfers (11 U.S.C. § 544 and Fla. Stat. § 726.105(1)(a)) (Against Yevgeniya Bumshteyn)**

79. The Trustee realleges all of the allegations set forth in each of the paragraphs above.

80. The transfer of the Debtor's interest in the Ocean Drive Property to Yevgeniya Bumshteyn, both individually and as Trustee of the Bumshteyn Family Irrevocable Inter Vivos Trust (the "Ocean Drive Transfer") was made within four (4) years of the Petition Date.

81. The transfer of the Debtor's interest in the Flushing Property to Yevgeniya

Bumshteyn (the "Flushing Transfer") was made within four (4) years of the Petition Date.

82. To the extent that Yevgeniya Bumshteyn received any portions of the Parkview Sale Proceeds, the Fresh Meadows Sale Proceeds, the Flushing Sale Proceeds, the TD Bank Account Transfers or the Life Insurance Proceeds, such transfers (collectively, the "Monetary Transfers") were also made within four (4) years of the Petition Date.

83. Pursuant to 11 U.S.C. § 544(b), the Trustee may avoid any transfer of an interest of the Debtor in property or any obligation incurred by the Debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502 or that is not allowable only under 11 U.S.C. § 502(e).

84. Fla. Stat. § 726.105(1)(a) provides that:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: with actual intent to hinder, delay, or defraud any creditor of debtor.

85. The Ocean Drive Transfer and the Flushing Transfer (collectively, the "Real Property Transfers") and the Monetary Transfers, as part of the Debtor's systematic dissipation of all of her assets after entering into the Modification Agreement with Melrose, were made with the actual intent to hinder, delay, and/or defraud creditors pursuant to Fla. Stat. § 726.105(1)(a).

86. Yevgeniya Bumshteyn was the initial transferee for whose benefit the Real Property Transfers and the Monetary Transfers were made, and as such, the Trustee is entitled to recover the value of such properties and monetary amounts, pursuant to 11 U.S.C. § 550(a)(1).

WHEREFORE, the Trustee respectfully requests that the Court enter judgment: (a) setting aside and avoiding the Real Property Transfers and the Monetary Transfers; (b) for a monetary amount, against Yevgeniya Bumshteyn, for the value of such properties and the amount of the Monetary Transfers, to be determined at trial; (c) awarding court costs and interest; and (d) for such other and further relief as the Court deems just and proper.

**Count 7 – Avoidance and Recovery of Fraudulent Transfers (11 U.S.C. § 544 and Fla. Stat. § 726.105(1)(b)) (Against Yevgeniya Bumshteyn)**

87. The Trustee realleges all of the allegations set forth in each of the paragraphs above.

88. Fla. Stat. § 726.105(1)(b) provides:

> (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor;
>
> (b) whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation;
>
> (c) Without receiving reasonably equivalent in value in exchange for the transfer obligation, and the debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>
> (d) Intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

89. The Real Property Transfers and the Monetary Transfers were made without the Debtor receiving reasonably equivalent value in exchange for such transfers, pursuant to Fla. Stat. § 726.105(1)(b).

90. At the time of the above-referenced transfers, the Debtor had incurred debts beyond her ability to pay as they became due.

91. As set forth above, the Debtor was otherwise insolvent at the time(s) of the above-referenced transfers.

92. As a result of the above-referenced transfers, the Trustee has been damaged pursuant to 11 U.S.C. §544(b), for the total value of such transfers.

93. Yevgeniya Bumshteyn was the initial transferee for whose benefit the Real Property Transfers and the Monetary Transfers were made, and as such, the Trustee is entitled to recover the value of such properties and monetary amounts, pursuant to 11 U.S.C. § 550(a)(1).

WHEREFORE, the Trustee respectfully requests that the Court enter judgment: (a) setting aside and avoiding the Real Property Transfers and the Monetary Transfers; (b) for a monetary amount, against Yevgeniya Bumshteyn, for the value of such properties and the amount of the Monetary Transfers, to be determined at trial; (c) awarding court costs and interest; and (d) for such other and further relief as the Court deems just and proper.

**Count 8 – Avoidance and Recovery of Fraudulent Transfers (11 U.S.C. § 544 and Fla. Stat. § 726.106) (Against Yevgeniya Bumshteyn)**

94. The Trustee realleges all of the allegations set forth in each of the paragraphs above.

95. Fla. Stat. § 726.106(1) provides:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

96. The Real Property Transfers and the Monetary Transfers were made without the Debtor receiving reasonably equivalent value in exchange for such transfers, pursuant to Fla. Stat. § 726.106.

97. As set forth above, the Debtor was otherwise insolvent at the time(s) of the above-referenced transfers.

98. At the time(s) of the above-referenced transfers, the Debtor was indebted to creditors in an amount in excess of such transfers.

99. As a result of the above-referenced transfers, the Trustee has been damaged pursuant to 11 U.S.C. §544(b), for the total value of such transfers.

100. Yevgeniya Bumshteyn was the initial transferee for whose benefit the Real Property Transfers and the Monetary Transfers were made, and as such, the Trustee is entitled to

recover the value of such properties and monetary amounts, pursuant to 11 U.S.C. § 550(a)(1).

WHEREFORE, the Trustee respectfully requests that the Court enter judgment: (a) setting aside and avoiding the Real Property Transfers and the Monetary Transfers; (b) for a monetary amount, against Yevgeniya Bumshteyn, for the value of such properties and the amount of the Monetary Transfers, to be determined at trial; (c) awarding court costs and interest; and (d) for such other and further relief as the Court deems just and proper.

**Count 9 – Recovery of Avoided Transfers (11 U.S.C. § 550)**
**(Against Yevgeniya Bumshteyn)**

101. The Trustee realleges all of the allegations set forth in each of the paragraphs above.

102. This count is pled as an effectuating count, whereby to whatever extent the Court deems it necessary for the Plaintiff to specifically seek to recover any avoided transfers pursuant to a separately pled count, this count is being separately pled.

103. Upon the Court setting aside and avoiding the above-referenced transfers in the preceding counts, the Trustee seeks to recover the value of such transfers, pursuant to 11 U.S.C. § 550.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment: (a) for a monetary amount, against Yevgeniya Bumshteyn, for the value of such properties and the amount of the Monetary Transfers, to be determined at trial; (b) awarding court costs and interest; and (c) for such other and further relief as the Court deems just and proper.

Dated: February 26, 2021

LEIDERMAN SHELOMITH
ALEXANDER + SOMODEVILLA, PLLC
Attorneys for Kenneth A. Welt
2699 Stirling Road, Suite C401
Fort Lauderdale, FL 33312
Telephone: (954) 920-5355
Facsimile: (954) 920-5371

By:__________/s/_________________
ZACH B. SHELOMITH
Florida Bar No. 0122548
zbs@lsaslaw.com

THIS INSTRUMENT PREPARED BY AND RETURN TO:
Title Solutions Agency, LLC Iveth Cardono
1 East Broward Blvd., Ste 1508
Ft Lauderdale, FL 33301
(954) 519-2477

File No.: 1601506

Property Appraisers Parcel Identification (Folio) Number: 514223-AG-3670
The actual purchase price or other valuable consideration paid for the real property or interest conveyed by this instrument is $168,000.00. Florida Documentary Stamps in the amount of $1,176.00

________________SPACE ABOVE THIS LINE FOR RECORDING DATE________________

# WARRANTY DEED

This WARRANTY DEED, made on the 6/17/2016, by Emma Bumshteyn, a single woman, whose address is: 1849 S Ocean Dr. #1507, Hallandale, FL 33009, hereinafter called the "grantor", to Mario Brisson, a single man and Marc Andre Deodati Brisson, a single man, whose address is: 5340 De Leslie Apt 5, Brossard, QC J4Y0N-2000, hereinafter called the "grantee":

(Which terms "Grantor" and "Grantee" shall include singular or plural, corporation or individual, and either sex, and shall include heirs, legal representatives, successors and assigns of the same)

Witnesseth, that the grantor, for and in consideration of the sum of Ten Dollars, ($10.00) and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the grantee, all that certain land situate in Broward County, Florida, to-wit:

Unit No. 316, Building No. 2 of OCEANVIEW PARK CONDOMINIUM, a Condominium, together with an undivided interest in the common elements, according to The Declaration of Condominium recorded in Official Records Book 6673, Page 45, and all exhibits and amendments thereof, Public Records of Broward County, Florida.

The land is not the homestead of the Grantor under the laws and constitution of the State of Florida and neither the Grantor nor any person(s) for whose support the Grantor is responsible reside on or adjacent to the land.

Subject to all reservations, covenants, conditions, restrictions and easements of record and to all applicable zoning ordinances and/or restrictions imposed by governmental authorities, if any.



Exhibit "A"

**Together** with all the tenements, hereditaments and appurtenances thereto belonging or in any way appertaining.

**To Have and to Hold,** the same in fee simple forever.

**And** the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances except taxes accruing subsequent to December 31st of 2016.

**In Witness Whereof,** the grantor has hereunto set their hand(s) and seal(s) the day and year first above written.

Emma Bumshteyn
**Emma Bumshteyn**

*Signed, sealed and delivered in our presence:*

Witness Signature | Witness Signature

Print Name: Tatiana Kolonuets | Print Name: Nancy Arseneault

State of Florida }
}
County of Broward }

**Sworn To, Subscribed and Acknowledged** before me on 6/17/2016, by **Emma Bumshteyn** who is personally known to me or has produced a valid driver's license as identification.

IVETH CARDONA
MY COMMISSION # EE 827860
EXPIRES: September 8, 2016
Bonded Thru Notary Public Underwriters

NOTARY PUBLIC

Oceanview Park Condominium Association, Inc. 800 Parkview Dr. #125 Hallandale Beach, Florida 33009
Tel: (954) 456-8555 Fax: (954) 456-8173
Manager@oceanviewparkcondo.com

CERTIFICATE OF APPROVAL OF SALE, GIFT, DEVISE, OR INVOLUNTARY OR JUDICIAL SALE

**Name of Seller : Emma Bumshteyn**

**Name of Purchaser : Mario Brisson & Marc Andre Deodati Brisson**

This Certificate of Approval is issued by Oceanview Park Condominium Association, Inc. the **17th day** of **June, 2016** WHEREAS, Oceanview Park Condominium Association, Inc. (the "Association"), operates a Condominium under Chapter 718, Florida Statutes, known as Oceanview Park Condominium (the "Condominium"); and

WHEREAS, the Declaration of Condominium provides, at Article X, that the transfer being approved hereunder requires prior written approval from the Association; and

WHEREAS, Purchaser has requested approval to acquire title to the following Unit in the Condominium:

> Condominium Unit No.**316** Building **No.2** at **800** Parkview Drive, according to the Declaration of Condominium thereof, recorded at Official Records Book 6673 Page 45, et seq. of the Public Records of Broward County, Florida (the "Unit");

WHEREAS, Seller has fulfilled all conditions precedent to this transfer pursuant to Article X of the Declaration of Condominium as of the date of this certificate; and

WHEREAS, Purchaser has been duly approved by the Association to acquire title to the Unit, pursuant to Article X of the Declaration of Condominium.

DATED this **17th day** of **June, 2016.**

By: Betty Wise, President *Betty Wise*

By: Habib Ullah, Director *Habib Ullah*

Carlos Botero LCAM

The foregoing instrument was acknowledged before me this **17th** day of **June, 2016**, by Betty Wise as President, Larry Pesh as Vice President, and Carlos Botero, CAM, Property Manager respectively, of Oceanview Park Condominium Association, Inc., a Florida corporation not-for-profit, on behalf of the corporation.

(Corporate Seal)

MA[illegible]OM BURNS
MY COMMISSION #FF108518
EXPIRES April 1, 2018
(407) 398-0153 [illegible]NotaryService.com

STATE OF FLORIDA)
COUNTY OF BROWARD)

Notary Public, State of Florida at Large
WPB_DB: 324977_1

OMB No. 2502-0265

FINAL

A. SETTLEMENT STATEMENT (HUD-1)

B. TYPE OF LOAN

1. ☐ FHA 2. ☐ RHS 3. ☐ CONV. UNINS.
4. ☐ VA 5. ☐ CONV. INS.

6. FILE NUMBER: 1601506
7. LOAN NUMBER
8. MORTGAGE INS. CASE NO.:

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

D. NAME & ADDRESS OF BORROWER: Mario Brisson and Marc Andre Deodati Brisson, 5340 De Leslie Apt 5, Brossard, QC J4Y0N-2000

E. NAME & ADDRESS OF SELLER: Emma Bumshteyn, 1849 S Ocean Dr. #1507, Hallandale, FL 33009

F. NAME & ADDRESS OF LENDER:

G. PROPERTY LOCATION: 800 Parkview Dr #316, Hallandale, FL 33009

H. SETTLEMENT AGENT: Title Solutions Agency, LLC
PLACE OF SETTLEMENT: 1 East Broward Blvd, Suite 1508, Ft Lauderdale, FL 33301 (800) 276-8485

I. SETTLEMENT DATE: 6/17/2016 DISBURSEMENT DATE: 6/17/2016

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due From Borrower:** | | **400. Gross Amount Due To Seller:** | |
| 101. Contract sales price | 168,000.00 | 401. Contract sales price | 168,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower: (line 1400) | 1,933.78 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| | | | |
| | | | |
| | | | |
| | | | |
| **Adjustments For Items Paid By Seller In Advance:** | | **Adjustments For Items Paid By Seller In Advance:** | |
| 106. City/town taxes to | | 406. City/town taxes to | |
| 107. County taxes to | | 407. County taxes to | |
| 108. Assessments to | | 408. Assessments to | |
| 109. Association Dues 6/17/2016 to 7/01/2016 | 147.84 | 409. Association Dues 6/17/2016 to 7/01/2016 | 147.84 |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 113. | | 413. | |
| 114. | | 414. | |
| 115. | | 415. | |
| 116. | | 416. | |
| **120. Gross Amount Due From Borrower:** | 170,081.62 | **420. Gross Amount Due To Seller:** | 168,147.84 |
| **200. Amounts Paid By Or In Behalf Of Borrower:** | | **500. Reductions In Amount Due To Seller:** | |
| 201. Deposit or earnest money | 3,000.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | | 502. Settlement charges to seller (line 1400) | 12,977.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. Funds Rcvd From Sale Of 600 Parkview Dr #417 | 167,286.50 | 504. Payoff 1st Mtg. Ln. | |
| 205. | | 505. Payoff 2nd Mtg. Ln. | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| | | | |
| | | | |
| | | | |
| | | | |
| **Adjustments For Items Unpaid By Seller:** | | **Adjustments For Items Unpaid By Seller:** | |
| 210. City/town taxes to | | 510. City/town taxes to | |
| 211. County taxes 01/01/16 to 06/17/16 | 1,208.68 | 511. County taxes 01/01/16 to 06/17/16 | 1,208.68 |
| 212. Assessments to | | 512. Assessments to | |
| 213. Security Deposit | 1,650.00 | 513. Rents 6/17/2016 to 7/01/2016 | 552.33 |
| 214. Rents 6/17/2016 to 7/01/2016 | 552.33 | 514. Security Deposit | 1,650.00 |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| | | | |
| | | | |
| **220. Total Paid By/For Borrower:** | 173,697.51 | **520. Total Reductions In Amount Due Seller:** | 16,388.01 |
| **300. Cash At Settlement From/To Borrower:** | | **600. Cash At Settlement From/To Seller:** | |
| 301. Gross amount due from borrower (line 120) | 170,081.62 | 601. Gross amount due to seller (line 420) | 168,147.84 |
| 302. Less amount paid by/for borrower (line 220) | 173,697.51 | 602. Less reductions in amount due seller (line 520) | 16,388.01 |
| **303. Cash (☐ FROM) (☒ TO) Borrower:** | 3,615.89 | **603. Cash (☒ TO) (☐ FROM) Seller:** | 151,759.83 |

The Public Reporting Burden for this collection of information is estimated at 35 minutes per response for collecting, reviewing, and reporting the data. This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number. No confidentiality is assured; this disclosure is mandatory. This is designed to provide the parties to a RESPA covered transaction with information during the settlement process.

BE ADVISED OF THE FOLLOWING: POCB – Refers to items Paid Outside Closing by Borrower; POCS – Refers to items Paid Outside Closing by Seller; POCL – Refers to items Paid Outside Closing by Lender; POCMB – Refers to items Paid Outside Closing by Mortgage Broker



Exhibit "B"

| L. SETTLEMENT CHARGES Escrow: 1601506 | | Paid From Borrower's Funds At Settlement | Paid From Seller's Funds At Settlement |
|---|---|---|---|
| 700. Total Real Estate Broker Fees | | | |
| Division of Commission (line 700) As Follows: | | | |
| 701. $ 5,040.00 to Best Of Luxury Realty Corp | | | |
| 702. $ 5,040.00 to Reaction Realty Group, Inc. | | | |
| 703. Commission paid at settlement | | | 10,080.00 |
| 704. Exhibit "A" Attached Hereto | | 400.00 | 349.00 |
| **800. Items Payable In Connection With Loan:** | | | |
| 801. Our origination charge | (from GFE #1) | | |
| 802. Your credit or charge (points) for the specific interest rate chosen | (from GFE #2) | | |
| 803. Your adjusted origination charges | (from GFE A) | | |
| 804. Appraisal fee to | (from GFE #3) | | |
| 805. Credit report to | (from GFE #3) | | |
| 806. Tax service to | (from GFE #3) | | |
| 807. Flood certification to | (from GFE #3) | | |
| 808. | | | |
| 809. | | | |
| 810. | | | |
| 811. | | | |
| 812. | | | |
| 813. | | | |
| 814. | | | |
| 815. | | | |
| 816. | | | |
| 817. | | | |
| 818. | | | |
| 819. | | | |
| **900. Items Required By Lender To Be Paid In Advance:** | | | |
| 901. Daily interest charges from to @ $ /day (0 days) | (from GFE #10) | | |
| 902. Mortgage insurance premium for mo. to | (from GFE #3) | | |
| 903. Homeowner's insurance for yrs. to | (from GFE #11) | | |
| 904. Flood insurance premium for yrs. to | | | |
| 905. | | | |
| 906. | | | |
| **1000. Reserves Deposited With Lender:** | | | |
| 1001. Initial deposit for your escrow account | (from GFE #9) | | |
| 1002. Homeowner's insurance 0 months @ $ 0.00 per month | | | |
| 1003. Mortgage insurance 0 months @ $ 0.00 per month | | | |
| 1004. City property taxes 0 months @ $ 0.00 per month | | | |
| 1005. County property taxes 0 months @ $ 0.00 per month | | | |
| 1006. Annual assessments 0 months @ $ 0.00 per month | | | |
| 1007. Flood insurance 0 months @ $ 0.00 per month | | | |
| 1008. 0 months @ $ 0.00 per month | | | |
| 1009. Aggregate Adjustment | | | |
| 1010. | | | |
| **1100. Title Charges** | | | |
| 1101. Title services and lender's title insurance | (from GFE #4) | | |
| 1102. Settlement or closing fee to Title Solutions Agency, LLC | | 500.00 | 675.00 |
| 1103. Owner's title insurance First American Title Insurance Company | (from GFE #5) | 915.00 | |
| 1104. Lender's title insurance | | | |
| 1105. Lender's title policy limit $ | | | |
| 1106. Owner's title policy limit $ 168,000.00 | | | |
| 1107. Agent's portion of the total title insurance premium $640.50 Title Solutions Agency, LLC | | | |
| 1108. Underwriter's portion of the total title insurance premium $274.50 First American Title Insurance Company | | | |
| 1109. Shipping/Wire to Title Solutions Agency, LLC | | 85.00 | 85.00 |
| 1110. Abstract/Title Search to Title Solutions Agency, LLC | | | 125.00 |
| 1111. E-Record Fee to Title Solutions Agency, LLC | | 3.50 | 3.50 |
| 1112. FL Statutory Surcharge to Title Solutions Agency, LLC | | 3.28 | |
| 1113. Remburse estoppel fee to Title Solutions Agency, LLC | | | 240.00 |
| 1114. Exhibit "B" Attached Hereto | | | 243.50 |
| **1200. Government Recording and Transfer Charges:** | | | |
| 1201. Government recording charges | (from GFE #7) | 27.00 | |
| 1202. Deed $ 27.00 Mortgage $ 0.00 Releases $ 0.00 | | | |
| 1203. Transfer taxes | (from GFE #8) | | |
| 1204. City/County tax/stamps Deed $ 0.00 Mortgage $ 0.00 | | | |
| 1205. State tax/stamps Deed $ 1176.00 Mortgage $ 0.00 | | | 1,176.00 |
| 1206. | | | |
| 1207. | | | |
| **1300. Additional Settlement Charges:** | | | |
| 1301. Required services that you can shop for | (from GFE #6) | | |
| 1302. Property Tax to Broward County Tax Collector POCS $2,625.98 | | | |
| 1303. Estoppel Fee to WelcomeLink Processing Department POCS $240.00 | | | |
| 1304. | | | |
| 1305. | | | |
| 1306. | | | |
| 1307. | | | |
| **1400. Total Settlement Charge** *(Enter on line 103, Section J - and - line 502, Section K)* | | 1,933.78 | 12,977.00 |

BE ADVISED OF THE FOLLOWING: POCB – Refers to items Paid Outside Closing by Borrower; POCS – Refers to items Paid Outside Closing by Seller; POCL – Refers to items Paid Outside Closing by Lender; POCMB – Refers to items Paid Outside Closing by Mortgage Broker



Exhibit "B"

| Comparison of Good Faith Estimate (GFE) and HUD-1 Charges | | Good Faith Estimate | HUD-1 |
|---|---|---|---|
| **Charges That Cannot Increase** | **HUD-1 Line Number** | | |
| Our origination charge | # 801 | | |
| Your credit or charge (points) for the specific interest rate chosen | # 802 | | |
| Your adjusted origination charges | # 803 | | |
| Transfer taxes | #1203 | | |

| Charges That in Total Cannot Increase More Than 10% | | Good Faith Estimate | HUD-1 |
|---|---|---|---|
| Government recording charges | #1201 | 0.00 | 27.00 |
| | # | | |
| | # | | |
| | # | | |
| | # | | |
| | # | | |
| | # | | |
| | # | | |
| | # | | |
| | # | | |
| | # | | |
| | # | | |
| | Total | | 27.00 |
| | Increase between GFE and HUD-1 Charges | $ 27.00 or | 0.0000 % |

| Charges That Can Change | | Good Faith Estimate | HUD-1 |
|---|---|---|---|
| Initial deposit for your escrow account | #1001 | | |
| Daily interest charges | # 901 $ /day | | |
| Homeowner's insurance | # 903 | | |
| | # | | |
| | # | | |
| | # | | |
| | # | | |
| | # | | |
| | # | | |
| | # | | |
| | # | | |
| | # | | |
| | # | | |

**Loan Terms**

| | |
|---|---|
| Your initial loan amount is | $ |
| Your loan term is | years |
| Your initial interest rate is | % |
| Your initial monthly amount owed for principal, interest, and and any mortgage insurance is | $ includes<br>☐ Principal<br>☐ Interest<br>☐ Mortgage Insurance |
| Can your interest rate rise? | ☐ No. ☐ Yes, it can rise to a maximum of %. The first change will be on and can change again every after . Every change date, your interest rate can increase or decrease by %. Over the life of the loan, your interest rate is guaranteed to never be lower than % or higher than %. |
| Even if you make payments on time, can your loan balance rise? | ☐ No. ☐ Yes, it can rise to a maximum of $ . |
| Even if you make payments on time, can your monthly amount owed for principal, interest, and mortgage insurance rise? | ☐ No. ☐ Yes, the first increase can be on and the monthly amount owed can rise to $ .<br>The maximum it can ever rise to is $ . |
| Does your loan have a prepayment penalty? | ☐ No. ☐ Yes, your maximum prepayment penalty is $ . |
| Does your loan have a balloon payment? | ☐ No. ☐ Yes, you have a balloon payment of $ due in years on . |
| Total monthly amount owed including escrow account payments | ☐ You do not have a monthly escrow payment for items, such as property taxes and homeowner's insurance. You must pay these items directly yourself.<br>☐ You have an additional monthly escrow payment of $ that results in a total initial monthly amount owed of $ . This includes principal, interest, any mortgage insurance and any items checked below:<br>☐ Property taxes ☐ Homeowner's insurance<br>☐ Flood Insurance ☐<br>☐ ☐ |

**Note:** If you have any questions about the Settlement Charges and Loan Terms listed on this form, please contact your lender.



Exhibit "B"

**SELLER'S AND/OR BORROWER'S STATEMENT** Escrow: 1601506

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

Borrowers/Purchasers

_______________________________
Mario Brisson

_______________________________
Marc Andre Deodati Brisson

Sellers

Emma Bumshteyn
Emma Bumshteyn

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

Settlement Agent: _______________________________ Date: 6/17/06
Iveth Cardona, Title Solutions Agency, LLC

**WARNING:** It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine or imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.



Exhibit "B"

**SELLER'S AND/OR BORROWER'S STATEMENT** Escrow: 1601506

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

Borrowers/Purchasers

Mario Brisson

Marc Andre Deodati Brisson

Sellers

Emma Bumshteyn

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

Settlement Agent: Date: 6/17/16

Iveth Cardona, Title Solutions Agency, LLC

**WARNING:** It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine or imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

ATTACHMENT TO HUD 1
Settlement Date: 6/17/2016

Escrow No.: 1601506
Title No.: 1601506
Page: 1

EXHIBIT A: (HUD Section 700 )
Division of Commission (Line 700) As Follows:

| | | Buyer Amount | Seller Amount |
|---|---|---|---|
| Processing Fee to Best Of Luxury Realty Corp | | | 349.00 |
| Processing Fee to Reaction Realty Group, Inc. | | 400.00 | |
| | Total: | 400.00 | 349.00 |

EXHIBIT B: (HUD Section 1100)
Title Charges:

| | | Buyer Amount | Seller Amount |
|---|---|---|---|
| Municipal Lien Search to One Step Lien Search | | | 225.00 |
| Title Affidavit Recording to E-Record Affidavit | | | 18.50 |
| | Total: | | 243.50 |

Prepared By / Record and Return to:
Andrew Ponnock, Esq.
c/o RSS 10100 W. Sample Rd., Ste. 329
Coral Springs, Fl 33065
**Parcel ID Number: 51-42-26-BF-1750**

# Quit Claim Deed

**This Quit Claim Deed,** Made this 21st day of July, **2016** A.D., Between **Emma Bumshteyn, a single woman whose post office address is 1849 S Ocean Dr #1507, Hallandale, FL 33009** of the County of Broward, State of Florida, **and Yevgeniya Bumshteyn, a single woman, whose post office address is 5754 58th Place, Maspeth, NY** of the County of Queens, State of New York, **grantor,** to

**BUMSHTEYN FAMILY IRREVOCABLE INTER VIVOS TRUST dated March 8, 2016 and YEVGENIYA BUMSHTEYN, a single woman as Joint Tenants in Common with Rights of Survivorship,** whose address is: **5754 58th Place, Maspeth, NY 11378** of the County of **Queens,** State of New York, **grantee.**

**Witnesseth** that the GRANTOR, for and in consideration of the sum of
-----------------------**TEN DOLLARS ($10)**---------------------- DOLLARS,
and other good and valuable consideration to GRANTOR in hand paid by GRANTEE, the receipt whereof is hereby acknowledged, has granted, bargained and quitclaimed to the said GRANTEE and GRANTEE'S heirs, successors and assigns forever, the following described land, situate, lying and being in the County of **Broward** State of **Florida** to wit:

**Unit 1507, of Plaza Towers South Condo, a Condominium, according to the Condominium Declaration thereof, recorded in OR Book 4163 Page 702, of the Public Records of Broward County, Florida.**

**For Information Purposes Only: 1849 S. Ocean Drive, #1507, Hallandale, FL 33009**

***The property herein is not now, nor has it ever been, the homestead of the owner, the owner's spouse or the owner's minor children, if any. Nor is the property contiguous to their homestead which is at 5754 58th Place, Maspeth, NY.***

**HEREIN QUITCLAIM DEED HAS BEEN PREPARED AT THE REQUEST OF GRANTOR AND GRANTEE WITHOUT A TITLE SEARCH AND NO REPRESENTATIONS OR WARRANTIES AS TO CLEAR TITLE HAS BEEN MADE.**

**To Have and to Hold** the same together with all and singular the appurtenances thereunto belonging or in anywise appertaining, and all the estate, right, title, interest, lien, equity and claim whatsoever of grantor, either in law or equity, for the use, benefit and profit of the said grantee forever.

**In Witness Whereof,** the grantor has hereunto set hand and seal the day and year first above written.
**Signed, sealed and delivered in our presence:**

| | |
|---|---|
| **Witness Signature** | Emma Bumshteyn (signature) |
| **Print Name:** Carla [illegible] | **Emma Bumshteyn** |
| **Witness Signature** | (signature) |
| **Print Name:** [illegible] | **Yevgeniya Bumshteyn** |

Exhibit "C"

UNIFORM FORM CERTIFICATE OF ACKNOWLEDGMENT
(Within New York State)

State of New York )
County of Queens ) ss.:

On the 26 day of July in the year 2016 before me, the undersigned, personally appeared Yevgeniya Bumsuteva, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

____________________________

Signature and Office of individual
taking acknowledgment

NATHAN PINKHASOV
NOTARY PUBLIC STATE OF NEW YORK
NO. 02PI6039564
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES 03/22/18

First American
Title Insurance Company
of New York

Exhibit "C"

FOR CITY USE ONLY
C1. County Code | C2. Date Deed Recorded (Month / Day / Year)
C3. Book | C4. Page
OR
C5. CRFN

# REAL PROPERTY TRANSFER REPORT
STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES
## RP - 5217NYC

## PROPERTY INFORMATION

1. Property Location: 75-76 (STREET NUMBER) | 180 STREET (STREET NAME) | QUEENS (BOROUGH) | 11366 (ZIP CODE)

2. Buyer Name: LUXURY DEVELOPMENT LLC (LAST NAME / COMPANY) | (FIRST NAME)
(LAST NAME / COMPANY) | (FIRST NAME)

3. Tax Billing Address — Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)
(LAST NAME / COMPANY) | (FIRST NAME)
(STREET NUMBER AND STREET NAME) | (CITY OR TOWN) | (STATE) | (ZIP CODE)

4. Indicate the number of Assessment Roll parcels transferred on the deed: 1 # of Parcels OR ☐ Part of a Parcel

4A. Planning Board Approval - N/A for NYC
4B. Agricultural District Notice - N/A for NYC

5. Deed Property Size: (FRONT FEET) X (DEPTH) OR (ACRES)

Check the boxes below as they apply:
6. Ownership Type is Condominium ☐
7. New Construction on Vacant Land ☐

8. Seller Name: BUMSHTEYN (LAST NAME / COMPANY) | EMMA (FIRST NAME)
BUMSHTEYN (LAST NAME / COMPANY) | YEVGENIYA (FIRST NAME)

9. Check the box below which most accurately describes the use of the property at the time of sale:

- A ☑ One Family Residential
- B ☐ 2 or 3 Family Residential
- C ☐ Residential Vacant Land
- D ☐ Non-Residential Vacant Land
- E ☐ Commercial
- F ☐ Apartment
- G ☐ Entertainment / Amusement
- H ☐ Community Service
- I ☐ Industrial
- J ☐ Public Service

## SALE INFORMATION

10. Sale Contract Date: 6 / 2 / 2016 (Month / Day / Year)

11. Date of Sale / Transfer: 7 / 27 / 2016 (Month / Day / Year)

12. Full Sale Price $ 770,000

( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.) *Please round to the nearest whole dollar amount.*

13. Indicate the value of personal property included in the sale

14. Check one or more of these conditions as applicable to transfer:

- A ☐ Sale Between Relatives or Former Relatives
- B ☐ Sale Between Related Companies or Partners in Business
- C ☐ One of the Buyers is also a Seller
- D ☐ Buyer or Seller is Government Agency or Lending Institution
- E ☐ Deed Type not Warranty or Bargain and Sale (Specify Below )
- F ☐ Sale of Fractional or Less than Fee Interest ( Specify Below )
- G ☐ Significant Change in Property Between Taxable Status and Sale Dates
- H ☐ Sale of Business is Included in Sale Price
- I ☐ Other Unusual Factors Affecting Sale Price ( Specify Below )
- J ☑ None

## ASSESSMENT INFORMATION - Data should reflect the latest Final Assessment Roll and Tax Bill

15. Building Class: A 2

16. Total Assessed Value (of all parcels in transfer): 40,382

17. Borough, Block and Lot / Roll Identifier(s) ( If more than three, attach sheet with additional identifier(s) )

QUEENS 7192 37

Exhibit "D"

2016072700261201

YB0302

**CERTIFICATION**

**I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.**

| BUYER | | | BUYER'S ATTORNEY | |
|---|---|---|---|---|
| [signature] BUYER SIGNATURE | 7/27/16 DATE | | Mullokandova LAST NAME | Chesse FIRST NAME |
| 8240 STREET NUMBER | 189 STREET STREET NAME (AFTER SALE) | | [redacted] AREA CODE | [redacted] TELEPHONE NUMBER |
| HOLLIS CITY OR TOWN | NY STATE | 11423 ZIP CODE | SELLER: Emma Bunshteyn by Gregory Bunshteyn as her agent SELLER SIGNATURE | 7/27/16 DATE |

201607270026120

Form RP-5217 NYC

ATTACHMENT

YB0303

# CERTIFICATION

I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

| BUYERS | | SELLERS | |
|---|---|---|---|
| Buyer Signature | Date | [signature] Seller Signature | 7/27/16 Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |

2016072700261201

FOR CITY USE ONLY
C1. County Code | C2. Date Deed Recorded (Month / Day / Year)
C3. Book OR C5. CRFN | C4. Page

CITY REGISTER
AUG 12 2016

# REAL PROPERTY TRANSFER REPORT

STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES

## RP - 5217NYC

### PROPERTY INFORMATION

1. Property Location: 102-35 (STREET NUMBER) | 67 ROAD 3G (STREET NAME) | QUEENS (BOROUGH) | 11375 (ZIP CODE)

2. Buyer Name: BUMSHTEYN (LAST NAME / COMPANY) | YEVGENIYA (FIRST NAME)
LAST NAME / COMPANY | FIRST NAME

3. Tax Billing Address: Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)
LAST NAME / COMPANY | FIRST NAME
STREET NUMBER AND STREET NAME | CITY OR TOWN | STATE | ZIP CODE

4. Indicate the number of Assessment Roll parcels transferred on the deed: 1 # of Parcels OR ☐ Part of a Parcel

4A. Planning Board Approval - N/A for NYC
4B. Agricultural District Notice - N/A for NYC

5. Deed Property Size: FRONT FEET X DEPTH OR ACRES

Check the boxes below as they apply:
6. Ownership Type is Condominium ☐
7. New Construction on Vacant Land ☐

8. Seller Name: BUMSHTEYN (LAST NAME / COMPANY) | EMMA (FIRST NAME)
BUMSHTEYN (LAST NAME / COMPANY) | YEVGENIYA (FIRST NAME)

9. Check the box below which most accurately describes the use of the property at the time of sale:

- A ☐ One Family Residential
- B ☑ 2 or 3 Family Residential
- C ☐ Residential Vacant Land
- D ☐ Non-Residential Vacant Land
- E ☐ Commercial
- F ☐ Apartment
- G ☐ Entertainment / Amusement
- H ☐ Community Service
- I ☐ Industrial
- J ☐ Public Service

### SALE INFORMATION

10. Sale Contract Date: 6 / 27 / 2016 (Month / Day / Year)

11. Date of Sale / Transfer: 8 / 9 / 2016 (Month / Day / Year)

12. Full Sale Price $ 0

( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.) *Please round to the nearest whole dollar amount.*

13. Indicate the value of personal property included in the sale

14. Check one or more of these conditions as applicable to transfer:

- A ☐ Sale Between Relatives or Former Relatives
- B ☐ Sale Between Related Companies or Partners in Business
- C ☐ One of the Buyers is also a Seller
- D ☐ Buyer or Seller is Government Agency or Lending Institution
- E ☐ Deed Type not Warranty or Bargain and Sale (Specify Below )
- F ☐ Sale of Fractional or Less than Fee Interest ( Specify Below )
- G ☐ Significant Change in Property Between Taxable Status and Sale Dates
- H ☐ Sale of Business is Included in Sale Price
- I ☐ Other Unusual Factors Affecting Sale Price ( Specify Below )
- J ☑ None

### ASSESSMENT INFORMATION - Data should reflect the latest Final Assessment Roll and Tax Bill

15. Building Class: D 4

16. Total Assessed Value (of all parcels in transfer): 3,650,400

17. Borough, Block and Lot / Roll Identifier(s) ( If more than three, attach sheet with additional identifier(s) )

QUEENS 2134 50

2016080900401201

**CERTIFICATION**

**I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.**

| BUYER | | | BUYER'S ATTORNEY | |
|---|---|---|---|---|
| [signature] BUYER SIGNATURE | | 8/9/2016 DATE | LAST NAME | FIRST NAME |
| 57-54 STREET NUMBER | 58 PLACE STREET NAME (AFTER SALE) | | AREA CODE | TELEPHONE NUMBER |
| MASPETH CITY OR TOWN | NY STATE | 11378 ZIP CODE | **SELLER** [signature] SELLER SIGNATURE | 8/9/2016 DATE |

20160808004912C

Form RP-5217 NYC ATTACHMENT

# CERTIFICATION

I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

| BUYERS | | SELLERS | |
|---|---|---|---|
| [illegible] Buyer Signature | 8/9/16 Date | [illegible] Seller Signature | 8/9/16 Date |
| Buyer Signature | Date | Emma [illegible] by [illegible] as agent Seller Signature | 8/9/16 Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |
| Buyer Signature | Date | Seller Signature | Date |

2016080800491201

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument.The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

2017060100005001002EA2E1

**RECORDING AND ENDORSEMENT COVER PAGE** **PAGE 1 OF 2**

**Document ID: 2017060100005001** Document Date: 05-31-2017 Preparation Date: 06-01-2017
Document Type: BOTH RPTT AND RETT
Document Page Count: 0

| **PRESENTER:** | **RETURN TO:** |
|---|---|
| LAW OFFICE OF BORIS NIKHMAN, PC<br>2903 OCEAN AVENUE<br>BROOKLYN, NY 11235<br>718-554-0523<br>ALLA0316@AOL.COM | THOMAS WEISS, ESQ.<br>1305 FRANKLIN AVE, SUITE 300<br>GARDEN CITY, NY 11530<br>516-746-7452<br>ALLA0316@AOL.COM |

**PROPERTY DATA**

| **Borough** | **Block** | **Lot** | | **Unit** | **Address** |
|---|---|---|---|---|---|
| QUEENS | 2134 | 50 | Entire Lot | 3G | 10235 67TH ROAD |

**Property Type:** SINGLE RESIDENTIAL COOP UNIT

**CROSS REFERENCE DATA**

CRFN_______ *or* DocumentID________ *or* _______ Year_____ Reel____ Page_____ *or* File Number__________

**PARTIES**

| **GRANTOR/SELLER:** | **GRANTEE/BUYER:** |
|---|---|
| YEVGENIYA BUMSHTEYN<br>57-54 58TH PLACE<br>MASPETH, NY 11378 | ANTHONY GENOVESE<br>102-35 67TH ROAD, APT 3G<br>FOREST HILLS, NY 11375 |

☒ Additional Parties Listed on Continuation Page

**FEES AND TAXES**

**Mortgage :**

| | | |
|---|---|---|
| Mortgage Amount: | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 |
| Exemption: | | |
| TAXES: County (Basic): | $ | 0.00 |
| City (Additional): | $ | 0.00 |
| Spec (Additional): | $ | 0.00 |
| TASF: | $ | 0.00 |
| MTA: | $ | 0.00 |
| NYCTA: | $ | 0.00 |
| Additional MRT: | $ | 0.00 |
| TOTAL: | $ | 0.00 |
| Recording Fee: | $ | 0.00 |
| Affidavit Fee: | $ | 0.00 |

| | | |
|---|---|---|
| Filing Fee: | $ | 100.00 |
| NYC Real Property Transfer Tax: | $ | 3,480.00 |
| NYS Real Estate Transfer Tax: | $ | 1,392.00 |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

Recorded/Filed 06-08-2017 16:15
City Register File No.(CRFN):
**2017000214020**

Annette M Hill

***City Register Official Signature***

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

2017060100005001002CA061

**RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION)** **PAGE 2 OF 2**

**Document ID: 2017060100005001** Document Date: 05-31-2017 Preparation Date: 06-01-2017
Document Type: BOTH RPTT AND RETT

**PARTIES**

**GRANTEE/BUYER:**
JASMINE NICODEMUS
102-35 67TH ROAD, APT 3G
FOREST HILLS, NY 11375

**Outstanding Documents**

A full accounting of any and all cash withdrawals made either from a bank teller(s) or at an ATM, from the Debtor's bank account at Chase Bank, N.A. (Acct # 7143), from July 13, 2017 through November 8, 2017. Specifically, these cash withdrawals total $93,180.00. Such accounting shall include, without limitation, documents that specifically evidence all transfer(s) into and all transfer(s) out of any financial accounts, relating to such cash withdrawals, which specifically evidence the exact disposition of such amounts", including without limitation, an accounting of the following transactions:

a. On 7/21/2017, $96,146.22 went into the Chase 7143 account. Debtor took out $3,000.00 in cash at an ATM in Glendale NY. What was that for?

b. From that account, on 6/29/2017 there was an International Wire to Marsilii Maristella in the amount of $1,172.59. What was that for?

c. From 7/27/2017 to 8/21/2017, the Debtor withdrew $17,100.00 from various ATMs in New York. What was that for?

d. From 7/31/2017 to 8/22/2017, the Debtor withdrew $28,400.00 in withdrawals. What was that for?

e. From 8/28/2017 to 9/6/2017, the Debtor withdrew $1,480.00 from various ATMs in New York. What was that for?

f. From 8/28/2017 to 9/25/2017, the Debtor withdrew $27,200.00 in withdrawals. What was that for?

g. From 10/13/2017 to 10/23/2017, the Debtor withdrew $6,000.00 from various ATMs in New York. What was that for?

h. From 10/27/2017 to 11/9/2017, the Debtor withdrew $3,500.00 from various ATMs in New York. What was that for?

i. On 11/8/2017, the Debtor withdrew $9,500.00 in a withdrawal. What was that for?