UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 18-23930-BKC-PDR |
| EMMA BUMSHTEYN, | Chapter 7 |
| Debtor. _____/ | |
| KENNETH A. WELT, Chapter 7 Trustee, | Adv. Case No. 21-01069-PDR |
| Plaintiff, vs. | |
| EMMA BUMSHTEYN and YEVGENIYA BUMSHTEYN, both Individually and as Trustee of the Bumshteyn Family Irrevocable Inter Vivos Trust, | |
| Defendants. _____/ | |

**PLAINTIFF'S MOTION TO STRIKE DEMAND FOR JURY TRIAL
AND AFFIRMATIVE DEFENSES**

Plaintiff, Kenneth A. Welt, Chapter 7 Trustee (the "Plaintiff"), by counsel, pursuant to this Court's Order Setting Status Conference and Establishing Procedures and Deadlines [ECF No. 3] (the "Order Setting Deadlines"), requests the Court enter an order: (a) striking the Defendants' demand for a jury trial, as set forth in the Answer of Defendants Emma Bumshteyn and Yevgeniya Bumshteyn (Trial by Jury Demanded) [ECF No. 7] (the "Answer"); (b) striking the footnote in the Answer, indicating that Defendant Yevgeniya Bumshteyn does not submit or consent to the jurisdiction of this Court; (c) striking Affirmative Defense No. 2 (Lack of Jurisdiction); and (d) striking Affirmative Defense No. 4 (Plaintiff Lacks Standing), and in support thereof, states as follows:

1. On February 26, 2021, the Plaintiff commenced this adversary proceeding by filing a Complaint (1) Objecting to Debtor's Discharge; (2) Avoiding Certain Fraudulent Transfers; and

_____
Leiderman Shelomith Alexander + Somodevilla, PLLC
Miami | Fort Lauderdale

(3) for the Recovery of Such Assets Transferred or the Value Thereof [ECF No. 1] (the "Complaint"). The counts of the Complaint relating to Yevgeniya Bumshteyn were based upon 11 U.S.C. §§ 544 and 550 (avoidance and recovery of fraudulent transfers under the Florida Uniform Fraudulent Transfer Act).

2. On March 1, 2021, the Court entered the Order Setting Deadlines. The Order Setting Deadlines was served upon both Defendants, in accordance with Fed. R. Bankr. P. 7004 (see ECF No. 4).

3. Relevant to this Motion are paragraphs 2 and 3 of the Order Setting Deadlines. Paragraph 2 of the Order Setting Deadlines states:

> **RIGHT TO JURY TRIAL; WAIVER.** Unless each party has timely filed a statement of consent under Local Rule 9015−1(B), and unless otherwise ordered by the Court, not later than **fourteen days** before the date first set for the status conference, each party requesting a jury trial on any issue in this proceeding must file with this Court a motion for withdrawal of the reference pursuant to Local Rule 5011−1. **FAILURE OF ANY PARTY TO FILE A MOTION TO WITHDRAW THE REFERENCE ON OR BEFORE THE DEADLINE PROVIDED IN THIS PARAGRAPH CONSTITUTES WAIVER BY SUCH PARTY OF ANY RIGHT TO TRIAL BY JURY IN THIS PROCEEDING.**

4. Paragraph 3 of the Order Setting Deadlines states:

> **OBJECTION TO ENTRY OF FINAL ORDERS AND JUDGMENTS BY THE BANKRUPTCY COURT; CONSENT.** Unless otherwise ordered by the Court, not later than **fourteen days** before the date first set for the status conference, each party objecting to the entry of final orders or judgments by this Court on any issue in this proceeding must file with this Court a motion pursuant to Rule 7016(b), Fed. R. Bankr. P., requesting that this Court determine whether this proceeding is subject to the entry of final orders or judgments by this Court. Any such motion will be treated as an objection to the entry of final orders or judgments by this Court. **FAILURE OF ANY PARTY TO FILE A MOTION ON OR BEFORE THE DEADLINE PROVIDED IN THIS PARAGRAPH CONSTITUTES CONSENT BY SUCH PARTY TO THIS COURT ENTERING ALL APPROPRIATE FINAL ORDERS AND JUDGMENTS IN THIS PROCEEDING.** Nothing in this paragraph limits this Court's ability to determine whether this proceeding is subject to entry of final orders or judgments by this Court.

5. The date first set for the Status Conference in this proceeding was April 15, 2021

at 10:00 a.m. [ECF No. 2]. The Status Conference was held and concluded on that date.

6. Therefore, pursuant to paragraph 2 of the Order Setting Deadlines, the deadline for the Defendants to file a motion for withdrawal of the reference, pursuant to Local Rule 5011-1, was April 1, 2021. To date, no such motion has been filed.

7. In addition, pursuant to paragraph 3 of the Order Setting Deadlines, the deadline for the Defendants to file a motion, pursuant to Fed. R. Bankr. P. 7016(b), requesting that this Court determine whether this proceeding is subject to the entry of final orders or judgments by this Court, was April 1, 2021. To date, no such motion has been filed.

8. Instead, on April 8, 2021, the Defendants filed the Answer, and merely included in the title of that document "(Trial by Jury Demanded)".

9. As set forth in the Order Setting Deadlines – **<u>in all caps and bold</u>** – the failure of any party to file a motion to withdraw the reference by the deadline constitutes a waiver by such party of any right to trial by jury in this proceeding.

10. As such, the Defendants have waived their right to seek a trial by jury in this proceeding, and the request contained in the title of the Answer should be stricken.

11. Furthermore, as set forth in the Order Setting Deadlines – **<u>in all caps and bold</u>** – the failure of any party to file a motion, pursuant to Fed. R. Bankr. P. 7016(b), requesting that this Court determine whether this proceeding is subject to the entry of final orders or judgments by this Court, constitutes a consent by such party to this Court entering all appropriate final orders and judgments in this proceeding.

12. In the Defendants' Answer, Yevgeniya Bumshteyn, stated in a footnote that she "does not submit or consent to the jurisdiction of the bankruptcy court on the issues raised and hereby demand [sic] an article III adjudication of all claims related to her."

13. Furthermore, Affirmative Defense No. 2 alleges that this Court lacks subject matter

jurisdiction and personal jurisdiction, and Affirmative Defense No. 4 alleges that the Plaintiff lacks article III standing to bring this action against the Defendants.

14. The footnote and these affirmative defenses should be stricken, because they were waived by the Defendants' failure to timely file a motion, pursuant to Fed. R. Bankr. P. 7016(b), as required in the Order Setting Deadlines.

15. Furthermore, pursuant to Fed. R. Civ. P. 12(b), made applicable herein through Fed. R. Bank. P. 7012, a motion asserting lack of subject matter or personal jurisdiction must be made before pleading if a responsive pleading is allowed.

16. In short, the Defendants have implicitly consented to this Court entering all appropriate final orders and judgments in this proceeding, and the Defendants cannot now, in lieu of timely filing the required motion, assert that they oppose this Court's jurisdiction or otherwise do not submit or consent to the jurisdiction of this Court. "Express consent is not required; consent may be implied so long as it is knowing and voluntary. *Wellness Intern. Network, Ltd. v. Shariff*, 135 S. Ct. 1932, 1948 (2015). For example, a party may consent to entry of a final order or judgment in the bankruptcy court by failing to timely object. *In re Bellingham Ins. Agency, Inc.*, 702 F.3d at 566-70". *In re SpinLabel Techs., Inc.*, 2020 WL 4805475, at 3 (Bankr. S.D. Fla. Feb. 6, 2020) (Kimball, J.).

WHEREFORE, the Plaintiff respectfully requests the Court enter an order: (a) striking the Defendants' demand for a jury trial in the Defendants' Answer; (b) striking the footnote in the Answer, indicating that Defendant Yevgeniya Bumshteyn does not submit or consent to the jurisdiction of this Court; (c) striking Affirmative Defense No. 2 (Lack of Jurisdiction); (d) striking Affirmative Defense No. 4 (Plaintiff Lacks Standing); and (e) granting such other and further relief as the Court deems just and proper.

_____
Leiderman Shelomith Alexander + Somodevilla, PLLC
Miami | Fort Lauderdale

Dated: April 26, 2021

LEIDERMAN SHELOMITH
ALEXANDER + SOMODEVILLA, PLLC
Attorneys for the Plaintiff
2699 Stirling Road, Suite C401
Ft. Lauderdale, Florida 33312
Telephone: (954) 920-5355
Facsimile: (954) 920-5371

By:_____/s/_____
    ZACH B. SHELOMITH
    Florida Bar No. 0122548
    zbs@lsaslaw.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing motion was served on April 26, 2021 to all parties on the list to receive e-mail notice/service for this case, via the Notice of Electronic Filing (which is incorporated herein by reference).

By:_____/s/_____
    Zach B. Shelomith