UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:                                                                    Case No. 18-23930-BKC-PDR

EMMA BUMSHTEYN,                                              Chapter 7

    Debtor.
_____/

KENNETH A. WELT, Chapter 7 Trustee,              Adv. Case No. 21-01069-PDR

    Plaintiff,
vs.

EMMA BUMSHTEYN and YEVGENIYA
BUMSHTEYN, both Individually and as Trustee
of the Bumshteyn Family Irrevocable Inter Vivos
Trust,

    Defendants.
_____/

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT, YEVGENIYA BUMSHTEYN'S MOTION TO TRANSFER VENUE

Plaintiff, Kenneth A. Welt, Chapter 7 Trustee (the "Plaintiff"), by counsel, files his Response in Opposition to Defendant Yevgeniya Bumshteyn's (the "Defendant") Motion to Transfer Venue [Adv. ECF No. 16] (the "Motion") and requests the Court enter an order denying the Motion, and states:

### BACKGROUND

1. On February 26, 2021, the Plaintiff commenced this adversary proceeding by filing his Complaint (1) Objecting to Debtor's Discharge; (2) Avoiding Certain Fraudulent Transfers; and (3) for the Recovery of Such Assets Transferred or the Value Thereof [Adv. ECF No. 1] (the "Complaint"). The counts of the Complaint relating to Yevgeniya Bumshteyn were based upon 11 U.S.C. §§ 544 and 550.

---

2.     On April 8, 2021, the Defendant and the Debtor, Emma Bumshteyn (together, the "Defendants") filed their Answer, admitting some paragraphs of the Complaint and denying others. Amongst the denied paragraphs is paragraph 5 of the Complaint, which asserts that venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     On May 17, 2021, the Defendant filed the Motion.  The Defendant's Motion argues that the Court should transfer the instant adversary proceeding (the "Adversary" or "Adversary Proceeding") to the United States Bankruptcy Court for the Southern District of New York for various reasons, including the assertion that New York law governs the underlying "grievance", the Defendant is located in New York and "all transactions are based in New York."

4.     The Defendant correctly relies on 28 U.S.C. §§ 1404 and 1412 for the proposition that an adversary proceeding may be transferred to another district in the interest of justice or for the convenience of the parties.

5.     However, the Defendant fails to meet the burden placed on her to warrant a transfer of this Adversary Proceeding to New York, as more fully set forth below.

6.     The Defendant also alleges that this Court does not have personal jurisdiction over her, while simultaneously acknowledging that Fed. R. Bankr. P. 7004 permits for nationwide service of process. As set forth in the Plaintiff's Motion to Strike Demand for Jury Trial and Affirmative Defenses [Adv. ECF No. 8], the Defendant is foreclosed from raising this argument due to her failure to timely file a motion as required in the Order Setting Deadlines [Adv. ECF No. 3].

## ARGUMENT

**1. Venue is Proper Before This Court.**

Pursuant to 28 U.S.C. § 1409(a), a "proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending."

"There is a strong presumption in favor of maintaining venue where the bankruptcy case is pending." *Alexander v. The Steel Law Firm, P.C. (In re Terry Mfg. Co. Inc.)*, 323 B.R. 507, 509 (Bankr. M.D. Ala. 2005).

There is no dispute that the Debtor's underlying bankruptcy case is pending before this Court. Accordingly, pursuant to 28 U.S.C. § 1409(a), the Adversary Proceeding is properly before the same court, and should remain before the same court because as explained below, the Defendant has failed to meet her burden for transferring the Adversary Proceeding to another venue.

**2. Defendant Has Failed to Meet Her Burden of Demonstrating that the Interest of Justice or the Convenience of the Parties Require Transfer.**

28 U.S.C. § 1412, made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7087, grants the Court discretion to transfer a bankruptcy case or proceeding to another district in the interest of justice or convenience of the parties. This same authority is also reflected in Fed. R. Bankr. P. 1014. "[T]he party requesting the transfer of venue must demonstrate by a preponderance of the evidence that in light of all the factors to be considered, it will be more convenient for both parties and will further the interest of justice. Absent such a showing, this Court will not disturb the choice of forum made by…[the] plaintiff, which choice should be accorded great deference." *Unico Holdings, Inc. v. Nutramax Products, Inc.*, 264 B.R. 779, 783 (Bankr. S.D. Fla. 2001) (*quoting Taca Int'l Airlines, S.A. v. Pan Am World Airways, Inc. (In re Pan Am Corp.)*, 177 B.R. 1014, 1018 (Bankr. S.D. Fla. 1995)).

In determining whether an adversary proceeding should be transferred to a different venue, the following factors should be considered:

> (1) Relative ease of access to sources of proof, including ease of travel for witnesses in terms of time and distance.

(2) Availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining those witnesses' attendance.

(3) Enforceability of a judgment if one is obtained.

(4) Relative advantages and obstacles to a fair trial, including the familiarity of transferee court with the facts of the case.

(5) Local interest in having local controversies decided at home, taking into account where the acts giving rise to the cause of action at issue occurred.

(6) Conducting the trial in the state the law of which will govern the action.

*In re Rohalmin*, 598 B.R. 900, 906 (Bankr. S.D. Fla. 2019) (*citing In re Pan Am*, 177 B.R. 1014-1018 (Bankr. S.D. Fla. 1995)). Taking each of the above in turn, an overall analysis of the factors results in favor of non-transfer to New York.

*Access to Proof.* The relevant witnesses in this Adversary Proceeding include the two individuals who took part in the transactions - the Defendant and the Debtor. It bears noting that if the Court grants the transfer of the Adversary Proceeding, the *entire* proceeding would be transferred, meaning the Debtor would be forced to litigate the Plaintiff's 11 U.S.C. § 727 discharge claims in New York, as well. Other witnesses include the Trustee, who lives and works in South Florida.

Transferring the Adversary to New York would likely impose substantial hardship on the Debtor (even though the Debtor presumably consents to the Motion as it was filed by her own attorney). In her Motion, the Defendant proposes to have the Debtor, her 84-year-old grandmother, travel to New York during the COVID-19 pandemic. Even if the Defendant were to seek to sever the causes of action contained in the Complaint, such that the discharge count(s) are prosecuted in this Court, the Debtor would still have to travel to New York, as she is the primary witness to the transactions at issue.

In addition, the Defendant states in the Motion that the "…Debtor is the grandmother of the Defendant, thus a home for the Debtor in New York]". However, the Defendant fails to take

into consideration that the inverse is also true. The Debtor resides in Florida, and therefore the Defendant would have a "home" in which to stay in Florida should she need during the litigation. In fact, while the Defendant may reside in New York, as alleged in the Complaint, the Defendant is a ½ owner of the Debtor's residence and therefore owns real property in Florida. Accordingly, the Defendant is in a better position to travel for the litigation than the Debtor (or the Trustee).

Merely because New York is *more* convenient to the Defendant than Florida does not warrant transferring the Adversary, as the Defendant's burden is to prove that transfer would be more convenient for *both* parties, which includes the Debtor and the Plaintiff. Accordingly, for the reasons set forth above, this factor weighs heavily in favor of non-transfer.

*Availability of Compulsory Process*. To the extent compulsory process is necessary, the Court can provide such process. Accordingly, this factor is "neutral" and weighs against transfer of the proceeding.[1]

*Enforceability of Judgment*. The type of relief sought by the Plaintiff, if awarded by the Court, will be equally valid and enforceable regardless of where it is issued. Accordingly, this factor is also "neutral" and weighs in favor of non-transfer.

*Fair Trial*. In her Motion, the Defendant does not allege at any point that the New York court would be more likely to provide the parties a fair trial than would this Court. Further, the transferee court in New York would have no knowledge nor familiarity whatsoever with the facts of the case. The New York court would have to expend time and resources in order to become familiar with the case, which would further delay the administration of the bankruptcy case. The instant bankruptcy case is a Chapter 7 proceeding, a primary goal of which is to provide an efficient and prompt procedure for an unfortunate Debtor to obtain a "fresh start." Having to litigate in New

---

[1] "Because of the deference given to the plaintiff's choice of forum, to the extent a given factor is neutral, it should weigh *against* transfer of the adversary proceeding." *In re Pan Am*, 177 B.R. 1014 n. 5 (Bankr. S.D. Fla. 1995).

York would add substantial delay to the administration of the Debtor's bankruptcy case. Thus, this factor also weighs in favor of non-transfer.

*Local Interest*. The Defendant places an emphasis on the fact that the transactions underlying the claims in the Complaint occurred in New York. While the Plaintiff concedes that the "local interest" factor would weigh in favor of transfer to New York for the sole reason that the events giving rise to the Plaintiff's claims took place in New York, this is not the only factor to consider when determining whether the Adversary Proceeding should be transferred. Further, the Plaintiff believes that because the underlying bankruptcy case is pending in Florida, and any recovery or outcome of the adversary is to benefit the bankruptcy estate, these facts mitigate any weight that could be afforded in favor of transfer.

*State Law*. The Plaintiff concedes this factor weighs in favor of transfer due to the transactions taking place in New York. However, this Court is more than qualified to determine issues of state law, and this is not the only factor to consider when determining whether the Adversary Proceeding should be transferred.

"The Court has also considered all 'additional factors that may be relevant to the convenience of the parties and the interest of justice.'" *In re Rohalmin*, 598 B.R. 900, 906 (Bankr. S.D. Fla. 2019). In determining whether this proceeding should be transferred, the Court should also consider the additional expense that will be incurred by the estate by having to litigate in New York. The Trustee would have to incur costs by traveling to New York if this case were transferred. Furthermore, undersigned counsel is not admitted to practice in New York, and additional expense may be incurred by the retention of local counsel. The bankruptcy estate should not be burdened solely because one of the defendants to the Adversary prefers to litigate in New York. The costs and attorneys' fees are likely to be significantly less in South Florida than in New York. This consideration weighs in favor of non-transfer of the proceeding.

### 3. The Court has Personal Jurisdiction Over the Defendant.

As stated above, the Defendant is foreclosed from raising a personal jurisdiction argument due to her failure to timely file a motion as required in the Order Setting Deadlines [Adv. ECF No. 3]. Notwithstanding same, as the Defendant correctly recognized in her Motion, Fed. R. Bankr. P. 7004 provides for nationwide service of process, which in turn becomes the basis for personal jurisdiction over the Defendant in this proceeding. *See In re McCallan*, 599 B.R. 361, 367 (Bankr. M.D. Fla. 2019). "The summons and complaint and all other process except a subpoena may be served anywhere in the United States." Fed. R. Bankr. P. Rule 7004(d).

Further, Defendant's "minimum contacts" argument is misplaced. In fact, the Eleventh Circuit has expressly rejected the minimum contacts argument in the context of personal jurisdiction over a defendant in an adversary proceeding. *See Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997) ("[a] court must therefore examine a defendant's aggregate contacts with the *nation as a whole rather than his contacts with the forum state* in conducting the Fifth Amendment analysis.") (*emphasis added*). Absent a showing of inconvenience that rises to "a level of constitutional concern," a defendant that has sufficient minimum contacts with the United States will be found to be within the personal jurisdiction of the bankruptcy court. *See In re McCallan*, 599 B.R. 361, 367 (Bankr. M.D. Fla. 2019).

The Defendant lives in New York and has not made a showing that litigating this adversary is an inconvenience rising to the level of constitutional concern (because it does not). The Defendant was properly served with the summons and complaint for this adversary proceeding and has sufficient minimum contacts with the United States such that the Court has *in personam* jurisdiction over her.

## **CONCLUSION**

It is not enough for the party seeking transfer of an adversary proceeding to show that the current venue is *less* convenient for it than the proposed venue; rather, the party must show that transfer would be more convenient for *both* parties or will further the interests of justice. *In re Pan Am*, 177 B.R. 1014, 1018 (Bankr. S.D. Fla. 1995). The Defendant has not demonstrated by a preponderance of the evidence that New York would be more convenient for both parties, only that New York is more convenient for her. Similarly, the Defendant has not demonstrated that transferring this proceeding is in the interest of justice. As such, the deference afforded to the Plaintiff's choice of venue weighs in favor of keeping this adversary proceeding in Florida and before this Court. Further, the Court properly has *in personam* jurisdiction over the Defendant by virtue of Fed. R. Bankr. P. Rule 7004(d). For all of the above reasons, the Motion should be denied.

WHEREFORE, the Plaintiff respectfully requests the Court enter an order: (a) denying the Motion; and (b) granting such other and further relief as the Court deems just and proper.

Dated:  June 8, 2021

        LEIDERMAN SHELOMITH
        ALEXANDER + SOMODEVILLA, PLLC
        Attorneys for the Plaintiff
        2699 Stirling Road, Suite C401
        Ft. Lauderdale, Florida 33312
        Telephone: (954) 920-5355
        Facsimile: (954) 920-5371

        By:_____/s/_____
        ZACH B. SHELOMITH
        Florida Bar No. 0122548
        zbs@lsaslaw.com
        MARIA J. GONZALEZ
        Florida Bar No. 1024946
        mjg@lsaslaw.com

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing motion was served on June 8, 2021 to all parties on the list to receive e-mail notice/service for this case, via the Notice of Electronic Filing (which is incorporated herein by reference).

By: _____/s/_____
Zach B. Shelomith

_____
Leiderman Shelomith Alexander + Somodevilla, PLLC
Miami | Fort Lauderdale