UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 18-23930-PDR |
| EMMA BUMSHTEYN, | Chapter 7 |
| Debtor. _____/ | |
| KENNETH A. WELT, Chapter 7 Trustee, | Adv. Case No. 21-01069-PDR |
| Plaintiff, vs. | |
| EMMA BUMSHTEYN and YEVGENIYA BUMSHTEYN, both Individually and as Trustee of the Bumshteyn Family Irrevocable Inter Vivos Trust, | |
| Defendants. _____/ | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT, YEVGENIYA BUMSHTEYN'S RENEWED MOTION TO TRANSFER VENUE**

Plaintiff, Kenneth A. Welt, Chapter 7 Trustee (the "Plaintiff"), by counsel, files his Response in Opposition to Defendant Yevgeniya Bumshteyn's (the "Defendant") Renewed Motion to Transfer Venue [Adv. ECF No. 48] (the "Renewed Motion") and requests the Court enter an order denying the Renewed Motion, and states:

**BACKGROUND AND PROCEDURAL HISTORY**

1. On February 26, 2021, the Plaintiff commenced this adversary proceeding by filing his Complaint (1) Objecting to Debtor's Discharge; (2) Avoiding Certain Fraudulent Transfers; and (3) for the Recovery of Such Assets Transferred or the Value Thereof [Adv. ECF No. 1] (the "Complaint").

2. On April 8, 2021, the Defendant and the Debtor, Emma Bumshteyn (together, the

"Defendants") filed their Answer (the "First Answer") to the Complaint.

3. On May 17, 2021, the Defendant filed her original Motion to Transfer Venue [Adv. ECF No. 16] (the "Original Motion").

4. On May 18, 2021, the Court entered an Order Setting Briefing Schedule on Defendant's Motion to Transfer [Adv. ECF No. 18] (the "First Scheduling Order"), which set certain briefing deadlines and which scheduled the hearing on the Original Motion for July 1, 2021 at 1:30 p.m. (the "Hearing").

5. On June 8, 2021, the Plaintiff filed his Response in Opposition to the Original Motion [Adv. ECF No. 23] (the "Response").

6. On June 15, 2021, the Defendant filed her Reply to the Response [Adv. ECF No. 29] (the "Reply").

7. Plaintiff's counsel and the Defendant's counsel(s) appeared at the Hearing. At the Hearing, the parties indicated that due to the anticipated filing of an Amended Complaint, it would be prudent for the Court to reserve ruling on the Original Motion[1] and set certain deadlines for the filing of the Renewed Motion.

8. Thereafter, on July 14, 2021, the Court entered its Order Reserving Ruling on Motion to Strike and Motion to Transfer and Setting Further Deadlines [Adv. ECF No. 31] (the "Second Scheduling Order"). Pursuant to the Second Scheduling Order, the Plaintiff was required to file her Amended Complaint on or before July 8, 2021, and the Defendants were required to file their responsive pleading (the "Responsive Pleading") to the Amended Complaint on or before July 22, 2021.

9. The Second Scheduling Order also stated: "[t]he Defendant shall have 14 days after

---

[1] As well as the Plaintiff's Motion to Strike Demand for Jury Trial and Affirmative Defenses [Adv. ECF No. 8] (the "Motion to Strike).

the filing of the Responsive Pleading to file a Renewed Motion to Transfer, which may incorporate the original Motion to Transfer by reference and include supplemental briefing".

10. The Plaintiff filed his Amended Complaint on July 8, 2021 [Adv. ECF No. 30].

11. On July 22, 2021, the Defendants filed an Agreed Ex-Parte Motion to Extend Time to Respond to Amended Complaint [Adv. ECF No. 36], which was granted on July 23, 2021 [Adv. ECF No. 37] (the "Extension Order").

12. The Extension Order provided that the Defendants shall respond to the Amended Complaint on or before August 5, 2021 and that "[a]ll other deadlines in the [Second Scheduling Order] shall remain unchanged."

13. The Defendants filed their Answer to the Amended Complaint on August 5, 2021 [Adv. ECF No. 39] (the "Second Answer").

14. Accordingly, by virtue of the Second Scheduling Order and the Extension Order, the deadline for the Defendant to file her Renewed Motion was August 19, 2021[2].

15. The Defendant failed to file her Renewed Motion by the deadline of August 19, 2021. As a result, on September 17, 2021, the Court entered an Order Denying Motion to Transfer as Moot [Adv. ECF No. 45] (the "Order Denying").

16. The Order Denying states, in pertinent part, "If Defendant Yevgeniya Bumshteyn wanted to renew her *Motion to Transfer*, the *Order* required she do so within fourteen days of her filing a responsive pleading to the Plaintiff's *Amended Complaint*. (Doc. 30). Defendant Yevgeniya Bumshteyn filed her *Amended Answer and Affirmative Defenses* on August 5, 2021. (Doc. 39). No renewed motion to transfer has been filed, nor has Defendant Yevgeniya Bumshteyn filed any document that indicates an intention to seek transfer. Accordingly, the Court ORDERS

---

[2] In the meantime, the Plaintiff timely filed his Renewed Motion to Strike on August 19, 2021 [Adv. ECF No. 40].

that the *Motion to Transfer* (Doc. 16) is DENIED AS MOOT."

17. Instead of seeking an appeal or reconsideration of the Order Denying, on September 27, 2021, the Defendant filed the Renewed Motion, on an untimely basis.

18. Thereafter, on October 4, 2021, the Court entered its Order Setting Briefing Schedules and Resetting Hearings on Renewed Motion to Transfer and Renewed Motion to Strike [Adv. ECF No. 57] (the "Third Scheduling Order").

19. Pursuant to the Third Scheduling Order, the deadline for the Plaintiff to respond to the Renewed Motion is October 18, 2021.

20. In the Third Scheduling Order, the Court also instructed the parties to address "whether the Court must first grant the Defendants' relief from its prior Order setting a deadline to renew the motion. *See* Fed. R. Bankr. P. 9024; Fed. R. Civ. P. 60; *see, e.g.*, *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720 (11th Cir. 2020)".

## ARGUMENT

**A. The Renewed Motion is Untimely and Should be Denied**

21. Pursuant to the Second Scheduling Order and the Extension Order, the deadline for the Defendant to file her Renewed Motion was August 19, 2021. The Defendant did not file the Renewed Motion until September 27, 2021.

22. The Second Scheduling Order, the Extension Order and the Order Denying (the "Prior Orders") are now final, non-appealable orders. In addition, the Defendant has never sought an extension of time to file the Renewed Motion.

23. Accordingly, for the Court to even consider the Renewed Motion, it must first grant the Defendant with relief from the Prior Orders. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707 (11th Cir. 2020). As explained below, there is no legal basis to grant such relief (if such relief is even requested).

24. The Prior Orders, read together, are analogous to an order dismissing a complaint with leave to amend within a specified period of time. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the deadline to amend expires without the plaintiff amending its complaint or seeking an extension of time". *Id*. at 719. As stated above, the deadline for the Defendant to file her Renewed Motion expired without the Defendant filing the Renewed Motion or seeking an extension of time. As such, the Prior Orders became analogous to a final judgment dismissing a complaint.

25. "The only recourse for a plaintiff who seeks to set aside the final judgment is to appeal, Fed. R. App. P. 3, move to alter or amend the judgment, Fed. R. Civ. P. 59(e), or move for relief from the final judgment, Fed. R. Civ. P. 60(b)". *Id.* at 719 – 720. As stated above, the Defendant failed to timely appeal or move to alter or amend the Prior Orders.

26. The Defendant cannot now move to retroactively seek additional time to file the Renewed Motion. "We cannot read Rule 6(b)(1)(B), a general provision governing extensions of time, to circumvent the specific time limits in Rules 59 and 60 that exist to protect the finality of judgments". *Id.* at 721[3].

27. Therefore, the only avenue for the Court to consider the Renewed Motion would be for the Court to first grant the Defendant with relief from the Prior Orders, pursuant to Fed. R. Civ. P. 60, made applicable herein through Fed. R. Bank. P. 9024.

28. It must be noted that the Defendant has not even requested such relief. For that reason alone, the Renewed Motion should be denied, with prejudice.

---

[3] The Eleventh Circuit went on to state: "[a]nd to be clear, circumvention of the time limits in Rules 59 and 60 is exactly what affirming the use of Rule 6(b)(1)(B) to set aside a final judgment would entail. If we read Rule 6(b)(1)(B) to apply postjudgment, a plaintiff could seek a postjudgment extension of time to amend its complaint based on excusable neglect at any time after the entry of judgment. That reading would turn the time limits for seeking relief from a final judgment in Rules 59 and 60 into surplusage". *Id.*

29. If such relief is subsequently requested, then the only provision that the Defendant could conceivably rely on would be Fed. R. Civ. P. 60(b)(1), in asserting that the reason why the Court should grant relief from the Prior Orders is due to excusable neglect[4].

30. If a party is asserting the existence of excusable neglect, the Court must consider the danger of prejudice to the opposing party, the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Chege v. Georgia Dep't of Juv. Just.*, 787 F. App'x 595, 598 (11th Cir. 2019).

31. It is important to note that this adversary proceeding was filed on February 26, 2021 and the Defendant first sought to transfer venue on May 17, 2021. The length of the delay caused by the Defendant's failure to timely file her Renewed Motion has been substantial, and it was within the reasonable control of the Defendant[5].

32. Accordingly, there is no basis for the Court to grant the Defendant with relief from the Prior Orders, pursuant Fed. R. Civ. P. 60, if such request is made by the Defendant.

33. Since the Prior Orders are now final and non-appealable, the untimely Renewed Motion must be denied, with prejudice.

---

[4] Again, to be clear, no such relief has been requested, and the Plaintiff has no knowledge at this time as to why the Renewed Motion was filed on an untimely basis, or why the Defendant did not seek relief from the Prior Orders.

[5] To the extent that the Defendant asserts that the delay was due to the fact that the Defendant's counsel is not licensed to practice in this Court and was admitted to practice *pro hac vice*, the Plaintiff notes that Defendant's counsel certified that he was familiar with and shall be governed by the local rules of this Court, among other things. Adv. ECF No. 9. *See also Wheat v. Rieser*, 452 B.R. 627, 636 (S.D. Ohio 2011) (stating that "[t]he Court cannot find excusable neglect where Counsel, having orally assented to commencing trial within three months following his reappearance in the case, fails to check the online docket at any point within that time frame").

_____

Leiderman Shelomith Alexander + Somodevilla, PLLC
Miami | Fort Lauderdale

B. **The Renewed Motion Should Also be Denied on Substantive Grounds**

34. Notwithstanding the fact that the Renewed Motion must be denied on procedural grounds, as set forth above, if the Court were to consider the Renewed Motion on substantive grounds, it should conclude that the Renewed Motion should be denied on those grounds, as well.

35. The Original Motion was fully briefed. *See* Adv. ECF Nos. 16, 23 and 29. Counsel for both parties presented oral argument at the Hearing on the Original Motion on July 1, 2021 at 1:30 p.m.

36. The only substantive changes between the First Answer and the Second Answer filed by the Defendant are that the Defendant describes certain denials in detail, adds certain affirmative defenses that have no effect on the Renewed Motion and adds a defense attacking the claim of Melrose Credit Union ("Melrose"), for setoff/recoupment, based upon the Debtor's affirmative claim against Melrose[6].

37. There is no substantive change between the Original Motion and the Renewed Motion filed by the Defendant. In the Renewed Motion, the Defendant merely makes the same arguments, without pointing out any significant case law or other authority that would materially affect the same arguments that were raised in the original pleadings or at the Hearing.

38. The Defendant already argued that Melrose is located in New York in the Original Motion and at the Hearing, and the fact that an affirmative claim against Melrose may (or may not) exist does make any material difference in the Court's consideration of whether this proceeding should be transferred to the United States Bankruptcy Court for the Southern District of New York. The Defendant already asserted that Melrose may be a witness in this adversary proceeding, and doing so again should not alter the Court's analysis.

---

[6] Notably, the Debtor failed to list such a claim in her bankruptcy schedules, and if such claim did exist, it would belong to the Trustee pursuant to 11 U.S.C. § 541.

_____

Leiderman Shelomith Alexander + Somodevilla, PLLC
Miami | Fort Lauderdale

39. Therefore, in response to the Renewed Motion, the Plaintiff re-alleges and incorporates herein by reference his Response to the Original Motion.

40. On substantive grounds, the Renewed Motion should be denied for all of the reasons set forth in the Response, and at the Hearing on the Original Motion.

41. As argued in the Response, it is not enough for the party seeking transfer of an adversary proceeding to show that the current venue is *less* convenient for it than the proposed venue; rather, the party must show that transfer would be more convenient for *both* parties or will further the interests of justice. *In re Pan Am*, 177 B.R. 1014, 1018 (Bankr. S.D. Fla. 1995). The Defendant has failed to meet her burden on both accounts. As such, the deference afforded to the Plaintiff's choice of venue weighs in favor of keeping this adversary proceeding in Florida and before this Court.

42. For all of the above procedural and substantive reasons, the Renewed Motion should be denied, with prejudice.

WHEREFORE, the Plaintiff respectfully requests the Court enter an order: (a) denying the Renewed Motion, with prejudice; and (b) granting such other and further relief as the Court deems just and proper.

Dated:  October 17, 2021

        LEIDERMANSHELOMITH ALEXANDER
+ SOMODEVILLA, PLLC
Attorneys for the Plaintiff
2699 Stirling Road, Suite C401
Ft. Lauderdale, Florida 33312
Telephone: (954) 920-5355
Facsimile: (954) 920-5371

By:_____/s/_____
    ZACH B. SHELOMITH
    Florida Bar No. 0122548
    zbs@lsaslaw.com

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was served on October 17, 2021 to all parties on the list to receive e-mail notice/service for this case, via the Notice of Electronic Filing (which is incorporated herein by reference) and via U.S. Mail to Karamvir Dahiya, 75 Maiden Lane #506, New York, NY 10038.

      By:_____/s/_____
           Zach B. Shelomith